**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---------------------------------------------------------------x

**YONIS AYALA TORRES,**   CIVIL ACTION NO.:

           **Plaintiff,**

      v.

**MASSACHUSETTS GENERAL HOSPITAL**
**LONG TERM DISABILITY PLAN,**   **COMPLAINT**

           **Defendant.**
---------------------------------------------------------------x

Plaintiff, YONIS AYALA TORRES, by her attorney, STEPHEN L. RAYMOND, ESQ., as and for her Complaint against the defendant, MASSACHUSETTS GENERAL HOSPITAL LONG TERM DISABILITY PLAN ("LTD PLAN" or "PLAN"), alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Long Term Disability ("LTD") benefits.

2. Under the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA") (29 U.S.C. §§ 1001, *et seq.*), the LTD PLAN at issue in this litigation must contain provisions for an administrative or internal appeal of a denial of benefits. Plaintiff has exhausted all of her remedies under the terms and conditions of the relevant Plan. She has requested a review of the denial on her LTD claim under the terms and conditions of the Plan, and upon defendant's inaction, said review is deemed denied; therefore, this matter is properly before this Court for *de novo* judicial review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3. Plaintiff, YONIS AYALA TORRES, is a resident of Middlesex County, Massachusetts.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. The Plan is administered, the defendant is to be found, and the breach took place, within this district.

## NATURE OF ACTION

5. Plaintiff's claim seeks a declaration that Plaintiff is entitled to LTD benefits pursuant to an employee benefit plan providing for the same, sponsored and administered by Plaintiff's employer, MASSACHUSETTS GENERAL HOSPITAL (a member of PARTNERS HEALTHCARE SYSTEM, INC.), and an order requiring payment of said benefits. As Plaintiff's claims arise under an employee benefit plan, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to this action. Said benefits were effective at all times relevant hereto.

## THE PARTIES

6. Plaintiff, YONIS AYALA TORRES, is a 51-year-old woman who was born in 1967.

7. Defendant, LTD PLAN is an employee welfare benefit plan as defined by ERISA § 3(1), 29 U.S.C. § 1002(1), which may be sued as an entity under ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1). It maintains an office, through the plan administrator, at: Massachusetts General Hospital, A Member of Partners HealthCare System, Inc., 101 Merrimack Street, 5th Floor, Boston, MA  02114.

## STATEMENT OF FACTS

8. Plaintiff began working for Massachusetts General Hospital in 2006, and as of 2012 was employed as a "Unit Service Associate," tasked with cleaning the hospital.

9. For a period up to and including August 30, 2012, Plaintiff, together with other active full time employees, was covered as a participant under the MASSACHUSETTS GENERAL HOSPITAL LONG TERM DISABILITY PLAN, sponsored, funded, and administered by Plaintiff's employer, Massachusetts General Hospital (a member of Partners HealthCare System, Inc.) ("MGH" and/or "Partners").

10. Plaintiff, as an employee of MGH, and an eligible employee under the LTD Plan, suffered a disability which began on or about August 30, 2012, and she accordingly, went out of work on that date.

11. Plaintiff suffered from low back pain, neck pain, and myofascial pain syndrome. Her treating physician opined she was "unable to lift, push or bend due to continuous severe neck pain/myofascial pain." On examination she had a positive straight leg raise on the left; she was treated with steroidal injections and pain medication. She also reported pain in the back of the head; she had a positive history of subarachnoid hemorrhage in 2009, with accompanying head aches that had persisted.

12. After the onset of disability, in or about November, 2012, Plaintiff applied for LTD benefits under the Plan, as directed by her employer, through UNUM Life Insurance Company of America ("UNUM"), then acting as a claim administrator under the LTD Plan. Plaintiff provided completed claim information, as well as medical records.

13.     A copy of the LTD Plan's official Plan Document: "The Massachusetts General Hospital Long Term Disability Plan, As Amended Through January 14, 1994 (Effective January 1, 1993)" is annexed hereto, as Exhibit "A," and hereby incorporated by reference.

14.     The annexed Plan Document is the official "Plan Document" of the LTD Plan, as that term is defined within ERISA, and is the Plan Document which was in effect as of August 30, 2012.

15.     The LTD Plan provides, in pertinent part, that for the Benefit Waiting Period of three months, and the next consecutive 24 months, "Totally Disabled" shall mean "such complete incapacity, resulting from a medically determinable physical or mental impairment, as prevents the Participant from performing any and every duty of his occupation or employment," and thereafter, ". . . any occupation or employment, for which he is reasonably qualified by education, training or experience."  Plan Document, Ex. A at § 2.10(a) and (b), p. 5.

16.     The monthly benefit under the Plan is 60% of pre-disability monthly covered earnings, as reduced by certain other income benefits.  Ex. A, at p. 3.

17.     The duration of benefits when disability begins before age 60 is to the Participant's age 65, so long as she continues to remain disabled.  Ex. A at p. 6.

18.     UNUM, acting on behalf of the Plan, denied Plaintiff's claim for benefits, on or about March 18, 2013, in a telephone conversation with Plaintiff or Plaintiff's husband.  UNUM followed up in a writing dated March 20, 2013; it concluded, despite the opinions of her physicians to the contrary, that "there is no information in the file to support your inability to frequently stand and walk and occasionally lift up to 50 pounds beyond October 25, 2012."

19. Plaintiff, or her husband acting on her behalf, in either the telephone call of March 18, 2012, or a telephone call shortly after receipt of the March 20, 2013, letter, verbally requested a review of the denial.

20. Neither UNUM nor the LTD Plan has made a review of the negative decision on the claim.

21. The only provision within the LTD Plan which arguably speaks to the procedure for review of a denied claim, provides, in pertinent part, as follows:

> Any person having an interest under the Plan my [sic] request a determination by the Hospital with respect to any matter affecting such person, and any such determination of the Hospital will be final and binding, and shall not be subject to <u>de novo</u> review, or be modified, amended, or set aside by any judical or administrative authority in the absence of clear and convincing evidence that the Hospital's action was arbitrary and capricious or without rational basis.

Ex. A, at § 6.1, p. 19.

22. The LTD Plan provides no time limit in which a Participant must request a review of a denied claim, whether a review under § 6.1, as cited, *supra*, or any other form of review.

23. The LTD Plan contains no provision requiring a review of a denied claim, before an underlying denial is ripe for review by the District Court.

24. Counsel for Plaintiff has made several written requests seeking a review of the LTD Plan's underlying denial of this claim.

25. The LTD Plan has, however, failed or refused to provide a review of the negative decision on the claim, in contravention of the provision in § 6.1, as cited, *supra*.

26.     On or about November 16, 2013, Plaintiff was found "disabled" by the Social Security Administration, with an onset date of August 30, 2012.  For Social Security purposes, the term "disability" means the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment(s) which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 423(d)(1).

27.     Defendants did not properly apply the provisions of the LTD Plan to Plaintiff's claim.

28.     Plaintiff has remained Totally Disabled in accordance with the terms and conditions of the LTD Plan, from August 30, 2012 (her date of onset), through November 30, 2012 (the Benefit Waiting Period) and continuing thereafter until the date of the filing of this action.

**AS AND FOR PLAINTIFF'S CLAIM:
FOR LONG TERM DISABILITY BENEFITS
ERISA §§ 502(a)(1)(B), (a)(3), 29 U.S.C. §§ 1132(a)(1)(B), (a)(3)**

29.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 28, *supra*, as if fully set forth at length.

30.     In administering its employee benefit plan and in resolving claims thereunder, the LTD Plan has the responsibility of determining whether claimants are disabled within the definitions of the applicable plans so as to be entitled to benefits.  Crucial to those determinations is an understanding of the claimant's medical conditions and their effects on the claimant's abilities.

31.     Plan fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

32. Plaintiff has not been provided with a full and fair review of her claim for benefits under the terms and conditions of the LTD Plan, and in accordance with the provisions of ERISA.

33. A portion of the LTD claim decisions (or inaction) rendered on behalf of the Plan in the instant action have been made by UNUM, who, acting as a third party administrator has a contractual relationship with the defendant, LTD Plan, and as such cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus has acted under a conflict of interest.

34. Plan fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

35. Defendant's decisions (or inaction) were not supported by the medical evidence and moreover, did not correctly apply the language of the LTD Plan.

36. Defendants' decisions (or inaction) in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence gathered throughout Plaintiff's claim.

37. Plaintiff has been disabled within the terms of the LTD Plan maintained for the benefit of the employees of MGH. Plaintiff is entitled to the receipt of monthly Long Term Disability benefits pertaining to her disability from (and including) November 30, 2012, through the filing of this action, and continuing so long as she continues to meet the Plan's requirements.

**WHEREFORE,** Plaintiff prays for the following relief:

A. That the Court determine and then declare that under the terms of the LTD Plan, that the Plaintiff's disability continued from (and included) August 30, 2012, within the term of coverage, and that she was and continued to be disabled within the Plan's provisions.

B. That after making such a determination, the Court ORDER the Defendant, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said LTD Plan, from November 30, 2012, and continuing.

C. That, if necessary, the Court ORDER the matter remanded to the LTD Plan's claim administrator for such further and additional findings as may be reasonably necessary.

D. That the Court award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

E. That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.

Dated:   August 30, 2018

        PLAINTIFF
        By her attorney,

        LAW OFFICE OF
        STEPHEN L. RAYMOND, ESQ.

By:   */s/ Stephen L. Raymond*
      Stephen L. Raymond
      BBO #567753
      35 Village Road, Ste. 100
      Middleton, MA 01949
      978-605-1155
      978-560-0959 (fax)
      slraylaw@aol.com